Gregory W. Mitchell
THE MITCHELL LAW FIRM, L.P.
1100 W. Campbell, Suite 200
Richardson, Texas 75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **In re Eric Ralls** | § § § § § § § § § § § § § § § | Case No. 24-60504 |
| *Debtor* | | Chapter 7 (converted from chapter 11) |
| **Plantsnap, Inc.** | | |
| *Plaintiff* | | Adv. Proc. No. 24-06044 |
| v. | | |
| **Eric Ralls** | | |
| *Defendant* | | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S
# MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE U.S. BANKRUPTCY COURT JUDGE:

COMES NOW, Eric Ralls ("**Defendant**"), debtor in the underlying bankruptcy case related to this matter and Defendant herein, and files this his *Defendant's Response to Plaintiff's Motion for Partial Summary Judgment* (the "**Response**") in response to Plaintiff's *Motion for Partial Summary Judgment* (the "**Motion**") filed by Plantsnap, Inc. ("**Plantsnap**" or "**Plaintiff**"), and in support thereof respectfully represents:

### I. PRECLUSIVE EFFECT OF STATE COURT JUDGMENT

**A.** <u>Generally</u>

1. Plaintiff's Motion is largely driven by its argument that a state court judgment entered in separate litigation between the parties provides preclusive effect to Defendant's defenses. In doing so, Plaintiff ignores Fifth Circuit precedent.

2. As will be described in more detail herein, the Fifth Circuit, as well as most circuits around the country, requires a Bankruptcy Court to independently analyze state court judgments to determine whether they are, for lack of a better term, "worthy" of precluding a debtor from making certain arguments. As but one example, state court findings of "fraud" frequently do not rise to the level of the type of conduct necessary to warrant a denial of a Debtor's discharge and right to a fresh start under federal law.

3. This case presents a classic example of the reason that those rules are in place. In this case, the Plaintiff engaged in scorched-earth litigation against the Defendant in state court such that Defendant could not afford to pay for a defense.

4. The state court Final Judgment was clearly not the subject of "actual litigation" that is required to warrant any sort of preclusive effect of such judgment in this Court in a non-dischargeability proceeding. Therefore, Plaintiff's Motion should be denied in its entirety.

**B. Analysis of Applicable Law**

5. Twenty-five years ago, in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the United States Supreme Court held that a bankruptcy court was not barred by res judicata from determining, independent of a state court judgment against a debtor, the nature of the debt in order to determine its dischargeability under federal bankruptcy law. Finding that Congress intended to give bankruptcy courts exclusive jurisdiction to determine bankruptcy dischargeability issues, the Court found that "the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceeding when considering the dischargeability of respondent's debt." 442 U.S. at 138-39, 99 S.Ct. at 2213.

6.    While expressly leaving open the collateral estoppel question, the Court noted, however, that:

> This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. [Citations omitted.] If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the former Bankruptcy Act; similar to § 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10.

7.    In *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980), the Fifth Circuit affirmed the holding of a district court, which had affirmed the judgment of the bankruptcy court. The affirmance was based upon the district court's opinion, which stated, although by way of dictum:

> This court, of course, has no quarrel with the proposition, enunciated in these cases and urged by Bell, that a bankruptcy court faced with a claim of nondischargeability under § 17 and presented with a state court judgment evidencing a debt is not bound by the judgment and is not barred by res judicata or collateral estoppel from conducting its own inquiry into the character and, ultimately, the dischargeability of the debt. Like the Ninth Circuit in *In re Houtman* [568 F.2d 651 (1978)], this court would be constrained to reverse the bankruptcy court's decision if the bankruptcy judge had held himself to be bound by the state court judgment.

8.    The *Bell* court did not actually reach or consider the issue of factual issues "actually and necessarily decided in [the] prior suit." *See Brown v. Felsen, supra,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2313 n. 10. However, in subsequent decisions on the issue, the Fifth Circuit has held that collateral estoppel – arising from an earlier nonbankruptcy suit's determination of subsidiary facts **that were actually litigated and necessary to the decision** – may be invoked by the bankruptcy court to bar relitigation of those issues, even though the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the dischargeability under federal bankruptcy law of the debt,

upon the facts so based and other evidence before the court. The United States Supreme Court eventually clarified that collateral estoppel may apply and thereby bar relitigation of issues already decided in a prior proceeding. *See Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

9. The requirements for application of collateral estoppel include the following:

   (1) that the issue under consideration is identical to the issue previously litigated;

   (2) that the issue was fully and vigorously litigated in the primary proceeding;

   (3) that the previous determination of the issue was necessary for the judgment in that proceeding; and

   (4) that no special circumstances exist that would render preclusion inappropriate or unfair.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-32, 99 S.Ct. 645, 649-52; *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991).

10. The principles related to res judicata and collateral estoppel apply in both directions. In *Fielder v. King (In re King)*, 103 F.3d 17 (5th Cir. 1997), the Fifth Circuit found in favor of a creditor when a state court judgment did not include reference to fraud.

11. The Court in *King* started by explaining that the party asserting collateral estoppel bears the burden of proof "and hence would have the burden of bringing forward an adequate state-court record." *Id.,* at 19. In *King,* the Fielders obtained a state court judgment against the debtor, King, for breach of contract and fraud; the judgment was, however, amended to limit the Fielders' recovery to the breach of contract claim only and did not specify a reason for eliminating the damages related to fraud; King filed for bankruptcy, and the Fielders sought to except from Kings discharge the debt owing under the amended judgment. *Id.* at 18–19.

12. The Fielders argued that § 523(a)(2)(A) rendered the debt nondischargeable, but the

bankruptcy court, later affirmed by the district court, ruled that the Fielders' argument was barred by res judicata. *Id.* The Fifth Circuit reversed, first making clear that "res judicata does not apply in bankruptcy nondischargeability proceedings[,]" and further that "the state-court record does not contain a specific, subordinate factual finding that King's debt was not obtained by false pretenses, a false representation, or actual fraud nor does it contain any facts that would support such a finding." *Id.* At 19–20. In fact, the Fifth Circuit observed in a footnote that "[t]he Fielders need not have recovered a state-law fraud verdict in order to prevail on claim that the debt owed them was obtained by fraudulent behavior and consequently should not be discharged." *Id.* at 19 n.3.

13. Therefore, just as a non-litigated state court case cannot be the basis of a non-dischargeability finding, a non-litigated state court case also cannot be the basis of a denial of a nondischargeability finding.

14. In *In re Hunt*, 605 B.R. 758 (Bankr. N.D. Tex, 2019), Judge Jones considered the application of collateral estoppel to a state court judgment obtained by a creditor. Noting the Court's "broad discretion" to apply collateral estoppel to the state-court judgment, he declined. In that case, he first concluded that the judgment was conclusory. *Id.*, at 773. He went on to conclude that there was no evidence from the state court record that the parties therein "fully and vigorously litigated" claims.

15. Applied to the facts of this case, it is clear that the state court judgement cannot be given preclusive effect. The state court judgment is conclusory, and it is 100% clear that the state court case was not "fully and vigorously litigated." Indeed, it was based on a settlement that simply included conclusory language that does not bind this Court or prevent it from making an independent determination as to whether the elements of the non-dischargeability causes of action have been met.

**WHEREFORE**, Defendant herein requests that the Court find in favor of Defendant and deny the relief sought in the Motion. Defendant requests such other and further relief as may be just and proper.

**DATED this 30th day of June, 2025.**

Respectfully submitted,

**THE MITCHELL LAW FIRM, L.P.**

**/s/   Gregory W. Mitchell**
Gregory W. Mitchell
1100 W. Campbell, Suite 200
Richardson, Texas  75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID:  00791285
E-mail:  gmitchell@freemanlaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on **June 30, 2025**, a true and correct copy of the foregoing was served via U.S. Mail and/or ECF to all counsel of record in this matter.

/s/  **Gregory W. Mitchell**
Gregory W. Mitchell
Attorney for Defendant