## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-60504 |
| | ) | |
| ERIC RALLS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| PLANTSNAP INC., | ) | Adv. No. 24-06044 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC RALLS | ) | |
| | ) | |
| Defendant. | ) | |

### REPLY IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT

I.    **Introduction.**

Ralls wholly fails to defeat summary judgment.[1] Ralls puts forth no contrary evidence, and

lobs nothing but conclusory arguments to avoid the inescapable fact that Ralls agreed to specific

factual findings in a confessed judgment to ensure PlantSnap's $2.5 million judgment is

nondischargeable. In his Opposition, Ralls is effectively asking the Court for a "second bite at the

apple" to relitigate the State Court Action. *See* Opp'n ¶ 3 (claiming Ralls "could not afford to pay

for a defense"). Although the Court has exclusive jurisdiction to determine nondischargeability,

the Court should apply the doctrine of issue preclusion in this Proceeding, which clearly establishes

summary judgment in favor of PlantSnap.

---

[1] Capitalized terms not defined herein shall have their same meaning as set forth in PlantSnap's *Motion for Partial Summary Judgment* [Docket No. 13] (the "**Motion**").

## II.    The Facts Set Forth in the Motion Are Undisputed.

Ralls does not dispute any of the facts set forth in the Motion.[2] *See generally* Opp'n.
Instead, Ralls argues that the undisputed facts are insufficient to result in the application of issue
preclusion in this Proceeding. *See, e.g.*, *id.* ¶ 15.

## III.    The Court May Apply Issue Preclusion and Grant Partial Summary Judgment.

The majority of Ralls' brief amounts to nothing more than a history of the use of issue
preclusion in nondischargeability actions. *See* Opp'n ¶¶ 5–12. This background is irrelevant,
because, as succinctly stated by the Firth Circuit, "issue preclusion . . . applies to bankruptcy
nondischargeability proceedings." *Fielder v. King (In re King)*, 103 F.3d 17, 19 (5th Cir. 1997)
(citing *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)).

Ralls effectively makes two arguments to overcome the effects of issue preclusion. First,
the Judgment's factual findings are not specific enough. *See* Opp'n ¶¶ 4, 15. Second, the issues
were not "fully and vigorously litigated" in the State Court Action. *See id.* ¶¶ 3, 13–15. As set forth
below, Ralls fails to rebut or otherwise respond to PlantSnap's arguments to the contrary. *Compare
id.* ¶¶ 3–4, 13–15 *with* Mot. 7–10.

### A.    Ralls Fails to Apply Colorado Issue Preclusion Law.

As an initial matter, Ralls fails to apply Colorado issue preclusion law, which is the
applicable law here. *See* Mot. 6 (quoting *Swait v. Newman (In re Newman)*, Ch. 7 Case No. 17-
42515, Adv. No. 18-4010, 2019 Bankr. LEXIS 590, at *15–16 (Bankr. E.D. Tex. Feb. 26, 2019);
*Martin v. Hauck (In re Hauck)*, 489 B.R. 208, 213 (D. Colo. 2013)). Instead, Ralls applies a

---

[2] This is further evidenced by Ralls' failure to include a "Statement of Undisputed Material Facts," as required under
local rules and this Court's order. *See* Local Rule CV-56(b); LBR 7056-1(d); Docket No. 11, ¶ 3(D).

standard that is different than the standard adopted by the Colorado Supreme Court. *Compare* Opp'n ¶ 9 *with* Mot. 6.

> Under Colorado law, four elements must be satisfied:
>
> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with, a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

Mot. 6 (quoting *In re Water Rights of Tonko v. Mallow*, 154 P.3d 397, 405 (Colo. 2007)). Although Ralls failed to apply Colorado issue preclusion law, Ralls effectively challenges the first and fourth elements: that the issues were not "actually and necessarily determined" in the State Court Action, and that Ralls did not have a full and fair opportunity to litigate the issues in the State Court Action. Both arguments fail.

**B.    The Issues Were Actually and Necessarily Determined in the State Court Action.**

Ralls' sole basis for claiming that the issues were not actually and necessarily determined in the State Court Action is that the Judgment's factual findings are "conclusory." Opp'n ¶ 15. Ralls' argument is legally and factually insufficient. Ralls fails to articulate any legal standard to establish when the issues are actually and necessarily determined, or when factual findings are specific (i.e., not conclusory) for purposes of issue preclusion. *See generally id.* Ralls also fails to identify a single statement from the Judgment that is allegedly conclusory. *See generally id.* On the other hand, PlantSnap has provided legal and factual authority to apply each of the specific factual findings from the State Court Action in this Proceeding. *See* Mot. 7–10, 13–17.

The first element of issue preclusion requires, in part, the issue to be "actually determined in the prior proceeding." Mot. 6 (citation omitted). For purposes of issue preclusion, a confessed judgment is "actually and necessarily determined in the prior proceeding" where "there is an

agreement between the parties manifesting their intention for that to be the case." *Id.* at 7 (quoting

*Hauck*, 489 B.R. at 214). The parties can manifest such intention in several ways, including that

the parties stipulate to specific factual findings. *Id.* (citing *Hauck*, 489 B.R. at 214).

Here, PlantSnap has identified each specific factual findings, which allows the Court to

apply issue preclusion to resolve PlantSnap's nondischargeability claims. PlantSnap has identified

each of the factual findings. *See* Mot. 13–17. Those factual findings are specific enough to warrant

issue preclusion. *See id.* at 8–9. For example, the Eleventh Circuit in *In re Halpern* held that the

following constituted a "detailed factual finding[]" for purposes of issue preclusion:

> Halpern's liability to [First Georgia] is (a) for obtaining money or property by false
> pretenses, false representations, and actual fraud, (b) for fraud or defalcation while
> acting in a fiduciary capacity, and (c) for wilful [sic] and malicious injury by the
> Defendant Halpern to Plaintiff's property.

810 F.2d 1061, 1062, 1064 (11th Cir. 1987); *see also Carey Lumber Co. v. Bell*, 615 F.2d 370, 377–

78 (5th Cir. 1980). The Judgment contains findings which are as specific than those in the *Halpern*

decision:

> The Claims, and the resulting Confession of Judgment, relate to Ralls' . . .
> intentional acts and false representations, that [he] knew were false at the time [he]
> made them, and Ralls . . . acknowledge[s] that his representations were made with
> the intention and purpose of deceiving PlantSnap, that PlantSnap relied on the
> representations, and sustained damages based on his misrepresentations.

Mot. Ex. 12 at 2. Ralls has neither identified a single factual finding from the Judgment that is

conclusory nor presented any applicable legal authority contrary to the authority set forth by

PlantSnap that the factual findings are specific for purposes of issue preclusion. *See generally*

Opp'n.

The lone case cited by Ralls to support his claim that the Judgment's factual findings are

conclusory is inapposite. *See* Opp'n ¶ 14 (citing *In Trinkets & Tea, LLC v. Hunt (In re Hunt)*, 605

B.R. 758 (Bankr. N.D. Tex. 2019)). In *Hunt*, the court concluded the judgment was conclusory not

because the judgment's findings lacked specificity, but because the judgment contained ***no factual findings*** which could have preclusive effect over the plaintiff's nondischargeability claims. 605 B.R. 758, 773 (Bankr. N.D. Tex. 2019). This is not the case here, because the Judgment contains specific factual findings, "which closely parallel[] the language of [section 523(a) of the Bankruptcy Code]," and which allows the Court to "properly consider[] [the Judgment] as evidence in connection with the motion for summary judgment." *Carey Lumber*, 615 F.2d 378; Mot. 8–9, 13–17, Ex. 12 at 2–3.

### C.    Ralls Had a Full and Fair Opportunity to Litigate the Issues.

Ralls' final argument is that the State Court Action "was not 'fully and vigorously litigated'" and the Judgment was "not the subject of 'actual litigation.'" Opp'n ¶¶ 4, 15. Ralls reaches this conclusion by applying a non-existent rule that "a non-litigated state court case cannot be the basis of . . . a nondischargeability finding." *Id.* ¶ 13. However, both of the cases cited by Ralls in support of this statement were the product of extensive litigation, which culminated in a judgment after trial; the cases have nothing to do with "non-litigated" actions.[3] *Id.* ¶¶ 11–14 (citing *Fiedler v. King (In re King)*, 103 F.3d 17, 18 (5th Cir. 1997); *Hunt*, 605 B.R. at 773).

No such rule exists, and courts apply issue preclusion in nondischargeability actions based on confessed judgments. *See, e.g.*, *Flanders v. Lawrence (In re Flanders)*, 517 B.R. 245, 259–60 (Bankr. D. Colo. 2014); *Palu v. Toney (In re Toney)*, Ch. 11 Case No. 10-27731-SBB, Adv. No. 10-01799-SBB, 2011 Bankr. LEXIS 2470 (Bankr. D. Colo. June 27, 2011). Under Colorado law, courts analyze several factors to determine whether a party had a "full and fair opportunity" to

---

[3] Ralls' reliance on *Hunt* is also misplaced. In *Hunt*, the court declined to apply issue preclusion because the plaintiff was attempting to use a judgment that only resolved a breach of fiduciary duty claim to establish claims for fraud and defalcation, amongst other things, which had nothing to do with the breach of fiduciary duty claim. *See* 605 B.R. at 773. Because there was no evidence that the parties "'fully and fairly litigated' claims other than those for breach of fiduciary duties," the court declined to apply issue preclusion. *Id.* Here, the evidence clearly shows that the parties litigated each of the issues establishing claims under section 523(a)(2), (4), and (6). *See* Mot. 13–17.

litigate an issue, including (1) whether the remedies and procedures are similar, (2) whether the parties were sufficiently incentivized to prosecute and defend the claims, and (3) whether the issues are identical. *See* Mot. 11 (citing *McNichols v. Elk Dance Colo., LLC (In re Elk Dance Colo., LLC)*, 139 P.3d 660, 669 (Colo. 2006)).

Here, Ralls does not challenge the first and third factors, which alone and together establish the "full and fair opportunity element." *See generally* Opp'n; *McNichols*, 139 P.3d at 669. Nor can he. The remedies, procedures, and issues are similar in the State Court Action and this Proceeding. *See* Mot. 12–17.

Instead, Ralls challenges the second factor: that he was not sufficiently incentivized to defend the claims because he "could not afford to pay for a defense." Opp'n ¶ 3. However, this excuse cannot overcome the fact that Ralls was given a "'full and fair opportunity' to litigate this matter in the State Court Action."[4] *Palu v. Toney (In re Toney)*, Ch. 11 Case No. 10-27731-SBB, Adv. No. 10-01799-SBB, 2011 Bankr. LEXIS 2470, at *18–19 (Bankr. D. Colo. June 27, 2011) (rejecting arguments that defendant "lacked the funds to fully and fairly litigate [plaintiffs'] claims in the State Court Action"). Here, the undisputed facts show that over a three-year period, Ralls asserted and prosecuted a preliminary injunction motion and claims against DEJP; served and responded to extensive written discovery; appeared at depositions individually and on behalf of Earth; opposed summary judgment motions and motions in limine; and was represented by counsel. *See* Mot. 12 (citations omitted). Ralls eventually made the decision to settle on the eve of trial. *See id.* at 3–4.

---

[4] Even if this was not the case, Ralls has failed to present any evidence that he could not afford to pay a defense. *See EBE, Inc. v. Wilhelms (In re Wilhelms)*, Ch. 7 Case No. 23-40053, Adv. No. 23-04023, 2025 Bankr. LEXIS 493, at *6 (Bankr. E.D. Tex. Mar. 3, 2025) ("The court does not, 'in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.'" (citation omitted)).

## IV.      Conclusion.

Ralls' conclusory arguments are insufficient to overcome summary judgment. *Cf. Shippitsa Ltd. v. Slack*, No. 3:18-CV-1036-D, 2019 U.S. Dist. LEXIS 121994, at *32 n.10 (N.D. Tex. July 23, 2019) (Wolfson Berg does not properly argue that Shippitsa's *factual* allegations are insufficient to state claim. Instead, Wolfson Berg makes the conclusory assertion that Shippitsa has not pleaded sufficient facts to support any unfair competition claim. Such a threadbare argument does not support dismissal of Shippitsa's claim."). Accordingly, the Court should grant the Motion.

Respectfully submitted,

Dated: July 14, 2025

*/s/ Patrick R. Akers*
Patrick R. Akers (CO 54803)
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
(303) 830-0800
(303) 830-0809 (facsimile)
pakers@markuswilliams.com

Dean E. Richardson (CO 35349)
Gould & Ratner LLP
1801 Wewatta Street, 11th Floor
Denver, Colorado 80202
(303) 284-1062
(312) 236-3241 (facsimile)
drichardson@gouldratner.com

*Counsel for PlantSnap*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 14, 2025, a copy of the foregoing *Reply in Support of Motion for Partial Summary Judgment* was electronically filed using the Court's electronic filing system. Notice of this filing will be sent by all parties by operation of the Court's system and to Greg W. Mitchell at greg@mitchellps.com.[5] Parties may access this filing through the Court's system.

*/s/ Patrick R. Akers*
Patrick R. Akers (CO 54803)

*Counsel for PlantSnap*

---

[5] On May 24, 2025, Mr. Mitchell confirmed with PlantSnap's counsel by email that he is representing Mr. Ralls in this Proceeding, and that he would file a notice of appearance by May 26, 2025. Mr. Mitchell has still not entered an appearance in this Proceeding.