IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



EOD

04/10/2026

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ERIC RALLS** | § | Case No.  24-60504 |
| | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| PLANTSNAP, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No.  24-06044 |
| | § | |
| ERIC RALLS | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION

On this date the Court considered "Plaintiff's Motion for Partial Summary

Judgment" (the "Motion") filed by Plantsnap, Inc. ("Plaintiff") on May 30, 2025, together

with the related response filed by Eric Ralls ("Defendant" or "Debtor").  Plaintiff asks

this Court to enter summary judgment that a judgment debt owed by Defendant is

nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4), or (a)(6).  After consideration of

the pleadings, proper summary judgment evidence, and the relevant legal authorities the

Court concludes that genuine issues of material fact remain.  For the reasons explained in

this memorandum, Plaintiff's Motion is **DENIED.**

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a).  This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (I), and (O), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II. Factual and Procedural Background[1]

Plaintiff, PlantSnap, is a company based in Colorado.  Defendant, Eric Ralls, resides in Tyler, Texas.  In 2016, Ralls formed PlantSnap, Inc. to develop a mobile application that allows users to identify plants using their device.  In 2017, DEJ Partners, LLC ("DEJP"), a California limited liability company loaned funds to PlantSnap.  When PlantSnap defaulted, DEJP executed its contractual right under its loan to take ownership of shares in PlantSnap.  In so doing, DEJP became the majority shareholder in PlantSnap, and Ralls was removed as a director and officer of PlantSnap in 2021.[2]

On March 17, 2021, Plaintiff sued Eric Ralls and his related entities in Colorado state court in *PlantSnap Inc. v. Ralls et. al*, No. 2021CV30005 (Colo. Dist. Ct. San

---

[1] The facts presented are those which stand uncontested between the parties and are presented only as a general factual background to the legal claims asserted in this case. This section is not intended to resolve any disputed or contested facts between the parties.

[2] Pl.'s Complaint, ECF No. 1; Def.'s Answer, ECF No. 8. DEJ Partners has since filed its own adversary proceeding against Ralls on similar facts. *See DEJ Partners, LLC v. Ralls,* No. 24-6047.

Miguel Cty. Mar. 17, 2021) ("the PlantSnap Colorado case").[3] In the PlantSnap Colorado case, Plaintiff asserted various state law claims against Ralls, including that he "knowingly and intentionally made false statements of material fact, breached his fiduciary duties to PlantSnap, and committed civil theft when he entered into unauthorized loans and transferred PlantSnap's property to himself and his related entities."[4]

On April 19, 2023, prior to the trial date set in state court, Ralls filed a bankruptcy under Subchapter V of Chapter 11 in the United States Bankruptcy Court for the District of Colorado.[5] On May 8, 2023, Plaintiff sought relief from the automatic stay to liquidate its claim in the PlantSnap Colorado case.[6] On July 19, 2023, the bankruptcy court granted stay relief for Plaintiff.[7] On July 24, 2023, Plaintiff initiated an adversary proceeding against Ralls, seeking a nondischargeable judgment pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). On August 11, 2023, Ralls moved to dismiss his Colorado bankruptcy case, and it was dismissed on October 17, 2023.[8]

---

[3] Pl.'s Mot. ("Mot."), at 2, ECF No. 13.

[4] Mot., at 2, ECF No. 13; Mot., Ex. 2, Ex. 3, ECF No. 13.

[5] Mot., Ex. 4, Ex. 5, ECF No. 13; *In re Ralls*, No. 23-11620-TBM (Bankr. D. Colo. Apr. 19, 2023).

[6] Mot., Ex. 4, at 4, ECF No. 13.

[7] Mot., Ex. 6, ECF No. 13.

[8] Mot., Ex. 4, at 13, ECF No. 13.

The PlantSnap Colorado action proceeded to trial.  In January 2024, the state court partially granted  Plaintiff's summary judgment motion.[9]  In February 2024, the state court granted Plaintiff's motions in limine.[10]  The parties then notified the state court they had reached a settlement, memorialized in a Binding Term Sheet dated February 19, 2024 ("the Settlement Agreement").[11]  The Settlement Agreement included the following:

> 7.  The Ralls Parties shall deliver a Confession of Judgment (a pocket judgment) for conversion, civil theft, fraud, and fraudulent transfer with the agreement that the confessed judgment shall not be recorded or executed upon except in the event of a default or filing of bankruptcy, with accompanying language and terms in the Settlement Agreement to provide for a non-dischargeable obligation. The agreed upon form of the Confession of Judgment is attached hereto and signed by Ralls and the Ralls Entities.[12]

Eric Ralls defaulted on the Settlement Agreement,[13]  and on July 31, 2024, the state court entered the consent judgment (the "Judgment").[14]  The Judgment stated that:

> The Claims, and the resulting Confession of Judgment, were predicated on Ralls' and the Entities' intent to cause willful and malicious injuries to PlantSnap.
>
> The  Claims all occurred while Ralls acted in a fiduciary  capacity as an officer and director of PlantSnap.

---

[9] Mot., Ex. 8, ECF No. 13.

[10] Mot., Ex. 2, at 7, ECF No. 13.

[11] Mot., Ex. 9, ECF No. 13; Mot., Ex. 10, at 3, ECF No. 13.

[12] Mot., Ex. 10, at 3, ECF No. 13.

[13] Mot., Ex.  11, ECF No. 13.

[14] Mot., Ex.  12, at 2, ECF No. 13.

> The  Claims, and the resulting Confession of Judgment, relate to
> Ralls' and the Entities' intentional acts and false representations, that
> they knew were false at the time they made them, and Ralls and the
> Entities acknowledge that his representations were made with the
> intention and purpose of deceiving PlantSnap, that PlantSnap relied
> on the representations, and sustained damages based on his
> misrepresentations.
>
> The Claims, and the resulting Confession of Judgement, are also
> based on Ralls' and the Entities' civil theft of PlantSnap property,
> and Ralls' and the Entities' acknowledge taking and depositing funds
> belonging to PlantSnap, exerting control or possession over those
> funds, with the intention to permanently deprive PlantSnap of its
> property, and Ralls' and the Entities' acknowledge that their actions
> were willful, wanton, and malicious.[15]

The Judgment also purported to make findings that the conduct of Eric Ralls met

the nondischargeability standards under 11 U.S.C. § § 523(a)(2), (a)(4), (a)(6), and

(a)(19), specifically:

> The Claims were based on Ralls' and the Entities' taking money,
> property, and/or services obtained by false pretenses, false
> representations, and actual fraud, and Ralls and the Entities agree
> that such conduct, and the resulting Confession of Judgment, meets
> the standards set forth in 11 U.S.C. §§ 523(a)(2).
>
> Ralls and the Entities acknowledge that the Claims, and the resulting
> Confession of Judgment, are non-dischargeable by Ralls and/or the
> Entities, as they relate to a debt for fraud and/or defalcation while
> Ralls was acting in a fiduciary capacity, and Ralls agrees that such
> conduct meets the standards set forth as outlined in 11 U.S.C. §§
> 523(a)(4).
>
> The Claims, and the resulting Confession of Judgment, are
> non-dischargeable by Ralls and/or the Entities as they relate to the

---

[15] *Id.* at 2.

willful and malicious injuries caused to PlantSnap's property, and Ralls and the Entities agree that such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(6).

The Claims, and the resulting Confession of Judgment, also relate to Ralls' and the Entities' common law fraud, deceit, or manipulation in connection with the sale of securities, and Ralls and the Entities agree that such conduct meets the standards set forth as outlined in 11 U.S.C. §§ 523(a)(19).[16]

On August 18, 2024, Eric Ralls initiated his second bankruptcy case, filing under Subchapter V of Chapter 11.[17] On April 21, 2025, his case was converted from Chapter 11 to Chapter 7.[18] On November 22, 2024, Plaintiff initiated this adversary proceeding seeking a nondischargeable judgment against Defendant/Debtor under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and (a)(19).[19] A scheduling order was entered on March 5, 2025.[20] On May 30, 2025, Plaintiff timely moved for partial summary judgment seeking to declare the consent Judgment nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4),

---

[16] *Id.* at 3.

[17] *See In re Ralls*, No. 24-60504 (Bankr. E.D. Tex. Aug. 18, 2024). For context, one of Ralls' entities involved in the Colorado bankruptcy had already filed a second bankruptcy under Subchapter V of Chapter 11 in this Court. *See In re EarthSnap*, *Inc.,* No. 24-60363 (Bankr. E.D. Tex. 2024). This Court entered an order granting joint administration of the bankruptcy estates on October 17, 2024. *See Ralls*, No. 24-60504, ECF No. 21 and *EarthSnap*, No. 24-60363, ECF No. 50.

[18] No. 24-60363, ECF No. 167; *see also In re EarthSnap, Inc.*, 670 B.R. 49 (Bankr. E.D. Tex. 2025).

[19] Case No. 24-06044, ECF No. 1.

[20] ECF No. 11.

or (a)(6).[21] Defendant timely responded.[22] Plaintiff replied.[23]

## III.  Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). FED. R. BANKR. P. 7056 incorporates FED. R. CIV. P. 56 so as to apply to adversary proceedings.  Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  How the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action."  *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018).  "All reasonable inferences

---

[21] Mot., ECF No. 13.

[22] ECF No. 15.

[23] ECF No. 16.

must be viewed in the light most favorable" to the nonmoving party, and "any doubt must

resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852

F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio

Corp.*, 475 U.S. 574, 586 (1986). An actual controversy of fact exists where both parties

have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185

F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez

v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on

other grounds); cf. *F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6

(5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the

contents of a conclusory affidavit as true if they are unchallenged). This comports with

the notion that courts need not hunt through the record searching for a genuine issue of

material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998);

*Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the

movant has met its burden, the nonmovant may not rest upon allegations in the pleadings

and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253,

261 (5th Cir. 2007). The Court does not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *Liquid Air Corp.*, 37 F.3d at

1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The nonmovant must evince more than "some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational act finder might find in favor of the nonmoving party. *Id.* at 587.

## IV. Discussion

Plaintiff's Motion rests upon the application of collateral estoppel[24] from the PlantSnap Colorado case to establish the elements of nondischargeability under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).[25] Plaintiff asserts that the consent Judgment establishes conclusively that Defendant owes a nondischargeable debt.

An agreed final judgment or settlement agreement does not, on its own, however, preclude a debtor from arguing issues of dischargeability in bankruptcy court. *In re Brass*, 641 B.R. 139, 143-46 (Bankr. S.D. Tex. 2022) (citing *Brown v. Felsen,* 442 U.S. 127, 133-35 (1979)); *see also Carbaidwala v. Gerleman (In re Gerleman)*, No. 22-41821, 2024 WL 4428201, at *4 (Bankr. E.D. Tex. Oct. 4, 2024); *Coffman v. Deuel (In re Deuel)*, No. 19-43056, 2022 WL 2240363, at *8 (Bankr. E.D. Tex. June 22, 2022). Rather, Plaintiff must prove its claims of nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). All exceptions to discharge under 11 U.S.C. § 523 "are strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio*

---

[24] Collateral estoppel and issue preclusion are the same concept, and both terms are used interchangeably.

[25] Mot., at 1, ECF No. 13.

*(Matter of Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997).  This liberality is not unlimited and this Court must balance the fresh start against protecting victims of fraud.  *Tummel v. Quinlivian* (*In re Quinlivan*), 434 F.3d 314, 318-319 (5th Cir. 2005).

Under the standards enumerated, the Court finds that the Judgment does not establish nondischargeability and that genuine issues of material fact exist warranting trial on the merits and denial of the Motion.

## A.  Collateral Estoppel

Collateral estoppel means that once "an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  *Gerleman,* 2024 WL 4428201, at *3 (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)).  In the bankruptcy dischargeability context, parties may invoke collateral estoppel "in certain circumstances to bar relitigation of issues relevant to dischargeability." *Id.* (quoting *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005)).  While issue preclusion applies to dischargeability litigation, the bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable.  *Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991)).  For collateral estoppel to apply in this context, the first court must have "made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue."  *Id.* at *4 (quoting *Matter of Dennis*, 25 F.3d 274, 277-78 (5th Cir. 1994)).

Because Plaintiff argues issue preclusion applies from a state court Judgment obtained in Colorado, this Court is required to apply Colorado law concerning issue preclusion. *See In re Horne*, No. 10-42625, 2012 WL 1205796, at *3 (Bankr. E.D. Tex. Apr. 11, 2012). Under Colorado law, issue preclusion applies where:

> (1) the issue sought to be precluded is identical to an issue actually determined in the prior proceeding;
>
> (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding;
>
> (3) there is a final judgment on the merits in the prior proceeding; and
>
> (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* (citing *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001)); *see also Marin Metro. Dist. v. Colorado Bondshares*, No. 24CA1092, 2025 WL 1660319, at *3 (Colo. App. June 12, 2025), *cert. denied*, No. 25SC474, 2026 WL 199811 (Colo. Jan. 26, 2026). The Plaintiff bears the burden to demonstrate that the elements of collateral estoppel are satisfied under the record. *Horne,* 2012 WL 1205796 at *3 (citing *Baker v. Seriki (In re Seriki)*, 2012 WL 266926, at *2 (Bankr. D. Colo., Jan. 30, 2012)).

Plaintiff contends that Defendant's consent to entry of the Judgment is sufficient to make issue preclusion principles of Colorado law applicable because the issues are "identical" to the elements of nondischargeability.[26] However, as this Court and the Fifth Circuit have both stated:

---

[26] Mot. at 2, 3-18.

> [a] consent judgment does not ordinarily give rise to issue
> preclusion because the issues underlying the judgment are
> neither actually litigated nor necessary and essential to the
> judgment. However, consent judgments will be given
> preclusive effect if the parties manifest such an intention.

*Howard v. Eckerd*, 2019 Bankr. LEXIS 3273, at \*22 (Bankr. E.D. Tex. Oct. 16, 2019). (quoting *Hughes v. Santa Fe Intern. Corp.*, 847 F.2d 239, 241 (5th Cir. 1988)).

These precedents are consistent with Colorado issue preclusion law. *See In re Huack*, 489 B.R. 208, 213-14 (D. Colo. 2013), *aff'd*, 541 F. App'x 898 (10th Cir. 2013).[27] This is also consistent with the "widely-accepted" prohibition and principle of public policy that a debtor may not contract away the right to a discharge in bankruptcy. *Eckerd*, 2019 Bankr. LEXIS 3273, at \*15-18 (citing *In re Franchise Services of N. Am., Inc.*, 891 F.3d 198, 207 (5th Cir. 2018)). Therefore, although provisions purporting to waive the

---

[27] Colorado courts have not decided whether a settlement agreement and a consent decree (a consent judgment) meets the definition of "actually determined by the adjudicatory body," but Colorado courts rely on The Restatement (Second) of Judgments in formulating collateral estoppel principles under Colorado law. *See Nichols v. Bd. of Cnty. Com'rs of Cnty. of La Plata, Colo.*, 506 F.3d 962, 968 (10th Cir. 2007) (citing *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo. 1999) and *Bennett College v. United Bank of Denver, Nat'l Ass'n*, 799 P.2d 364, 368 (Colo. 1990)). "The Restatement clarifies that:

> '[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.'"

*Id.* at 968-69 (quoting Restatement (Second) of Judgements § 27, cmt. e (1982)).

dischargeability of a debt are unenforceable, a sufficient stipulation of facts could support

a finding of nondischargeability.

### B.  Actually Litigated?

When evaluating whether issues raised in a matter resulting in the entry of a

consent judgment can be considered to have been "actually litigated" for purposes of

collateral estoppel, this Court examines the Judgment and the Settlement Agreement

together.  This is because:

> ...[I]t is appropriate to examine the agreed judgment and the settlement
> agreement together in order to determine whether the earlier resolution was
> based upon the parties' consent or upon some factual determination or
> acknowledgment. If the settlement language is inconclusive, the general
> rule against the application of a preclusive effect should apply.

*Id.* at *22 (citing *Hughes*, 847 F.2d at 241).  Courts applying Colorado issue preclusion

law have followed a similar rationale.  *See Huack*, 489 B.R. at 213-15; *Nichols*, 506 F.3d

at 968-69.

In *Eckerd*, the Court found a consent judgment and settlement agreement

unenforceable because that judgment and the related agreement lacked sufficient

recitation of facts regarding the Defendant's conduct.  Instead they only purported to

waive Defendant's bankruptcy discharge or render amounts in the *Eckerd* agreed

judgment nondischargeable.

**-13-**

... [T]he state court issued no factual determinations, nor is there any manifestation that the parties intended for the Agreed Judgment or the Settlement Agreement to have a preclusive effect. Absent the void provisions, the summary judgment record documents only a compromise of claims.  Accordingly, the Court concludes that no factual issue was "actually litigated" in the State Court Litigation and that the Agreed Judgment should be interpreted solely as a consent judgment with no issue preclusion ramifications.

*Eckerd*, 2019 Bankr. LEXIS 3273, at \*23-24 (citations omitted).  As in *Eckerd*, the Settlement Agreement and the Judgment in this case do not manifest intent that they have preclusive effect as required for application of collateral estoppel.[28]

Nevertheless, the Judgment may yet be enforceable if it contains specific fact findings on identical dischargeability issues actually litigated before the state court, whether actual fraud, embezzlement or larceny, or willful or malicious injury.  *Gerleman*, 2024 WL 4428201, at \*4; *see also In re Newman*, No. 17-42515, 2019 WL 989483, at \*11 (Bankr. E.D. Tex. Feb. 26, 2019).

PlantSnap's Judgment contains no such findings.  The Judgment does not appear premised on any analysis of the substantive nondischargeability issues but rather on Defendant's breach of the terms of the Settlement Agreement with Plaintiff.  *See Gerleman*, 2024 WL 4428201, at \*4.  Not referencing specific facts, the Judgment provides only conclusory statements of the elements that the claims in the Judgment are

---

[28] *See* Ex. 10, 12, ECF No. 13.

"predicated on," "based on," or "related to."[29]   Conclusory statements, without specific

factual findings, are not enough to establish that an identical nondischargeability issue

was actually litigated.   *See id.*; *see also In re Gonzalez*, No. 6:21-AP-00157-TPG, 2023

WL 415567, at *4 (Bankr. M.D. Fla. Jan. 26, 2023); *In re Gawrys*, No. AP 14-5006, 2015

WL 2198050, at *3 (Bankr. N.D. Ga. May 8, 2015).

Accordingly, the Court finds that the summary judgment evidence, read in the light

most favorable to Defendant, is insufficient for a finding of nondischargeability under 11

U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) and summary judgment should be denied.

## V.   Conclusion

Based upon the Court's consideration of the pleadings, the proper summary

judgment evidence submitted therewith, the relevant legal authorities, and for the reasons

set forth herein, the Court concludes that the "Plaintiff's Motion for Partial Summary

Judgment" filed by Plaintiff, PlantSnap, Inc., is hereby **DENIED.**   Plaintiff failed to

demonstrate entitlement to judgment as a matter of law regarding dischargeability raised

under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).   An appropriate order consistent with

this opinion shall be entered by the Court.

Signed on 4/10/2026

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[29] Ex. 12, at 2-3, ECF No. 13.

**-15-**